IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| WEST VILLAGE HOLDINGS, LLC, | ) | CASE NO: 19-50013-LRC |
| | ) | |
| Debtor. | ) | |
| | ) | |

## MOTION TO APPROVE SETTLEMENT AGREEMENT

COMES NOW, WEST VILLAGE HOLDINGS, LLC (the "Debtor") and files this Motion to Approve Settlement Agreement (the "Motion"). In support of this Motion, Debtor shows the Court as follows:

### JURISDICTION

1.

This is a core proceeding over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(a), (b)(2)(I), 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### FACTUAL BACKGROUND

2.

On January 1, 2019 (the "Petition Date"), Debtor West Village Holdings, LLC filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3.

West Village Holdings, LLC ("Debtor" or "Plaintiff") initiated an adversary proceeding on February 12, 2019 [Case No. 19-05116] by filing its Complaint To Determine the Validity and Extent of Lien ("Complaint") against ONH Holdings, LLC ("Secured Party" or "Defendant") for

1

the recovery of avoidable transfers and to determine the allowance, amount, and priority of Defendant ONH's claims (the "Proceeding"). Debtor sought to avoid the liens held by ONH on the real property located at 7335 Old National Highway, Riverdale Georgia, and 0 Jonesboro Road, Riverdale, Georgia (the "Subject Properties"), the principal assets owned by Debtor.

4.

Defendant filed its Answer to Complaint ("Answer") on March 14, 2019 [Docket No. 4].

5.

ONH Holdings, LLC, as a Secured Party, filed its Motion for Relief from the Automatic Stay on March 14, 2019 (Doc. 16), its First Amended Motion for Relief from the Automatic Stay (Doc. 28) on October 25, 2019, and its Second Amended Motion for Relief from the Automatic Stay on April 6, 2022 (Doc. 90), in which ONH Holdings, LLC sought relief from the Automatic Stay, including *in rem* relief, to exercise its foreclosure rights as to the Subject Properties.

6.

On February 10, 2020, Debtor filed an Application to Employ a Real Estate Broker (Doc. 47). The Bankruptcy Court entered an Order on Debtor's Application but also provided an objection period for parties to file written objections to Debtor's Application (Doc. 49). ONH timely filed an Objection to said Application on March 2, 2020 (Doc. 52).

7.

On July 6, 2020, Debtor filed its Motion to Sell Free and Clear of Liens Under Section 363(f) (Doc. 58), and on July 27, 2020, ONH filed its Objection to Debtor's Motion to Sell Real Property (Doc. 60).

8.

The above-referenced motions and objections are pending before the Bankruptcy Court.

9.

On August 7, 2019, Debtor filed its Motion for Summary Judgment and Statement of Undisputed Facts in Support (Docs. 9, 10).

10.

On August 12, 2019, ONH filed its Motion for Summary Judgment, Statement of Uncontroverted Material Facts in Support thereof, and Brief in Support of Motion for Summary Judgment (Docs. 12, 13, 14).

11.

Both parties responded and objected to the other Party's Motion for Summary Judgment (Docs. 15, 16, 17, 18, 19).

12.

On March 31, 2020, the Bankruptcy Court entered its Order GRANTING IN PART AND DENYING IN PART Plaintiff's Motion for Summary Judgment, GRANTING IN PART AND DENYING IN PART Defendant's Motion for Summary Judgment (Doc. 21), and entered a Judgment for Defendant ONH Holdings, LLC and against Plaintiff, West Village Holdings (Doc. 22), in which the Bankruptcy Court ruled that Defendant ONH Holdings, LLC had a valid security interest in the Subject Properties.

13.

On April 14, 2020, each Party filed its Motion to Reconsider Order and Judgment (Docs. 25, 26).

14.

On April 28, 2020, ONH filed its Response to Plaintiff's Motion for Reconsideration (Doc. 27).

15.

The Parties' Motions for Reconsideration are pending before the Bankruptcy Court.

16.

Debtor and ONH have agreed to settle claims asserted or assertable by Plaintiff/Debtor against Defendant/ONH and Defendant against Plaintiff (the "Settlement").

17.

The salient, summarized terms of the Settlement Agreement and Mutual Release (the "Settlement Agreement") are as follows:

1. Debtor will file its withdrawal of its Motion to Sell Property Free and Clear (Doc. 52) and its Application to Employ Real Estate Broker (Doc. 60).

2. ONH's Second Amended Motion for Relief from Stay shall be granted pursuant to a "Consent Order and Strict Compliance Order" as specifically described in the attached Settlement Agreement.

3. Debtor shall cause a payment of $950,000.00 to be made via wire transfer to ONH at the closing of the proposed sale requested in the motion to sell filed contemporaneously herewith.

4. Upon the Court's execution and filing of the Settlement Order approving and incorporating all terms of this Settlement Agreement, the Court's execution and filing of the Consent and Strict Compliance Order, and payment to Secured Party of the Settlement Sum, each Party shall file a withdrawal of its Motion for Reconsideration in the Adversary Proceeding (AP Doc. 25 & 26). To that end, the Parties, Member, Walker, and Transferee hereby agree for themselves and their members that upon satisfaction of the terms and conditions herein, the Court's Order (AP Doc. 21) and Judgment (AP Doc. 22) shall stand as a final order and judgment in the Adversary Proceeding, that neither Party, Member, Walker, or Transferee shall appeal or seek to appeal said Order and Judgment, and each Party, Member, Walker, and Transferee expressly waive any right or alleged right to appeal said Order and Judgment. It is the express intent of the Parties, Member, Walker, and Transferee that this Settlement Agreement shall be binding as to any and all claims, defenses, and judgments in the Main Case and the Adversary Proceeding.

5. Debtor and/or Transferee shall be responsible for, and shall pay, the Fulton County property taxes outstanding, due and accruing on the 7335 Old National Highway, Riverdale, Georgia property to include such taxes for (i) the year 2019, for which Fulton County has filed a Proof of Claim (No. 2-2) in the total amount of $53,111.53, (ii) the year 2020, (iii) the year 2021 and due and accruing thereafter. Contingent upon satisfaction of the terms and conditions of the [Settlement Agreement] Paragraphs 3 through 6, Paragraph 7 if applicable, and Paragraph 11,

4

and the execution and entry by the Court of the "Settlement Order" and "Consent and Strict Compliance Order" referenced in the Settlement Agreement, the Secured Party shall be liable for the Fulton County property taxes solely as to the 0 Jonesboro Road, Riverdale, Georgia property outstanding, due, and accruing.

6. The Settlement Agreement contains mutual releases more specifically described in the Settlement Agreement.

7. No party shall transfer the Property absent an order from this Court.

## REQUEST FOR RELIEF

18.

Plaintiff requests the Court approve the Settlement between the parties as embodied in the Settlement Agreement, pursuant to Federal Rule of Bankruptcy Procedure 9019. The Settlement Agreement is attached hereto and incorporated herein by reference as Exhibit A.

## NOTICE

19.

Notice of this Motion has been given to the Office of the United States Trustee and all parties in interest.

## BASIS FOR RELIEF

**A. The Settlement**

Federal Rule of Bankruptcy Procedure 9019 provides, in pertinent part, that "[o]n motion by the [debtor in possession] and after notice and a hearing the court may approve a compromise and settlement." The decision to approve a settlement or compromise lies within the sound discretion of the Court and is based upon the facts and circumstances of each particular case. *See Prospective Comm. For Indep. Stockholders of TMT Trailer ferry, Inc. v. Anderson*, 390 U.S. 414, 424-45 (1968).

As a matter of policy, compromises and settlements are favored to minimize litigation and expedite the administration of a bankruptcy estate. *See Munford v. Munford (In re Munford, Inc.),*

5

97 F.3d 449, 455 (11th Cir. 1996). As a result, settlements are favored in bankruptcy cases. *See Fogel v. Zell,* 221 F.3d 955, 960 (7th Cir. 2000).

The Eleventh Circuit Court of Appeals established four factors for the Court to consider when determining whether a proposed settlement is fair and equitable. *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544 (11th Cir. 1990). These include probability of success, difficulties in collection, complexity of the litigation, and interests of creditors. *Id.* It is not necessary for the Court to consider all four *Justice Oaks* factors when approving a proposed settlement. *Chira* v. *Saal, et al. (In re Chira),* 567 F.3d 1307, 1313 (11th Cir. 2009).

In this instance, three factors are applicable to this Proceeding and weigh heavily in favor of the Court's approval. While Plaintiff believes its claims to avoid liens could succeed, Defendant has asserted potentially viable defenses to these claims, and the Court has entered an Order allowing one lien to remain on the Subject Properties that would potentially take up all Debtor's equity in the Subject Properties. As to the second factor, the litigation is at its end stage, and the Court would have to grant Debtor's motion to reconsider to succeed. While not overly complex, it could result in substantially more administrative costs. Given that the only creditors in this case are ONH and Fulton County, this Settlement is in the best interest of creditors and the estate. This Settlement and compromise will preserve estate resources and is fair and equitable to Debtor and its estate. Therefore, Plaintiff requests that the Court approve the Settlement.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court (a) enter the attached proposed Order approving Plaintiffs' Settlement and the Settlement Agreement, grant the relief requested therein, and approve the Stipulated Dismissal with Prejudice when filed and (b) grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 18th day of April, 2022.

/s/ Will Geer_____
Will Geer
Georgia Bar No. 940493
Attorney for Plaintiff/Debtor

Wiggam & Geer, LLC
50 Hurt Plaza, SE, Suite 1150
Atlanta, Georgia 30303
T: 678-587-8740
F: 404-287-2767
wgeer@wiggamgeer.com

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release is made this 11th day of April, 2022, by and between ONH Holdings, LLC ("ONH" or the "Secured Party") and West Village Holdings, LLC (the "Debtor") (herein collectively referred to as the "Parties"), Walker Family Services, LLC ("Member"), Frederick Walker, Individually ("Walker"), and Transferee, as defined below, superseding and replacing all prior oral and/or written agreements between the Parties, Member, Walker, and/or Transferee related to the matters set forth below.

## RECITALS

**Bankruptcy Petition No.: 19-50013-lrc**

A. On January 1, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Bankruptcy Court"), Case Number 19-50013-lrc (Doc. 1) (the "Main Case").

B. ONH Holdings, LLC, as a Secured Party, filed its Motion for Relief from Automatic Stay on March 14, 2019 (Doc. 16) and its First Amended Motion for Relief from Automatic Stay (Doc. 28) on October 25, 2019.

C. On February 10, 2020, Debtor filed an Application to Employ a Real Estate Broker (Doc. 47). The Bankruptcy Court entered an Order on Debtor's Application but also provided an objection period for parties to file written objections to Debtor's Application (Doc. 49). ONH timely filed an Objection to said Application on March 2, 2020 (Doc. 52).

D. On July 6, 2020, Debtor filed its Motion to Sell Free and Clear of Liens Under Section 363(f) (Doc. 58), in which the Debtor proposed the sale of real property, located at 7335 Old National Highway, Riverdale, GA 30296, to Walker. On July 27, 2020, ONH filed its Objection to Debtor's Motion to Sell Real Property (Doc. 60).

E. On March 5, 2021, Debtor filed its Motion to Approve Settlement Agreement (Doc. 71).

F. On March 26, 2021, Member filed its Objection to Motion to Approve Compromise and Settlement of Claims (Doc. 73), to which Walker filed a Joinder on April 27, 2021 (Doc. 75).

G. On April 14, 2021, ONH filed its Response in Opposition to Walker Family Services, LLC's Objection to Motion to Approve Compromise and Settlement of Claims. (Doc. 74).

H. On April 15, 2021 and April 29, 2021, hearings were held on Debtor's Motion to Approve Settlement Agreement (Doc. 71), Member's Objection to Motion to Approve Compromise and Settlement of Claims (Doc. 73), and ONH's Response in Opposition to Walker

Family Services, LLC's Objection to Motion to Approve Compromise and Settlement of Claims. (Doc. 74).

      I.      On April 27, 2021, Member and Walker filed a Reply in Support of Objection to Motion to Approve Compromise and Settlement of Claims (Doc. 76).

      J.      On April 29, 2021, Member and Walker filed a Notice of Option to Purchase Equity Interest of Debtor (Doc. 77).

      K.      On April 6, 2022, ONH filed its Second Amended Motion for Relief from Automatic Stay (Doc. 90).

      L.      The above-referenced motions and objections are pending before the Bankruptcy Court.

**Adversary Proceeding No.: 19-05116-lrc**

      M.      On February 12, 2019, the Debtor filed its Complaint to Determine Validity and Extent of Liens, Adversary Proceeding Number 19-05116-lrc (AP Doc. 1) (the "Adversary Proceeding").

      N.      On March 14, 2019, ONH filed its Answer to Debtor's Complaint (AP Doc. 4).

      O.      On August 7, 2019, Debtor filed its Motion for Summary Judgment and Statement of Undisputed Facts in Support (AP Docs. 9, 10).

      P.      On August 12, 2019, ONH filed its Motion for Summary Judgment, Statement of Uncontroverted Material Facts in Support thereof, and Brief in Support of Motion for Summary Judgment (AP Docs. 12, 13, 14).

      Q.      Both parties responded and objected to the other Party's Motion for Summary Judgment (AP Docs. 15, 16, 17, 18, 19).

      R.      On March 31, 2020, the Bankruptcy Court entered its Order GRANTING IN PART AND DENYING IN PART Plaintiff's Motion for Summary Judgment, GRANTING IN PART AND DENYING IN PART Defendants' Motion for Summary Judgment (AP Doc. 21),[1] and entered a Judgment for Defendant ONH Holdings, LLC and against Plaintiff, West Village Holdings (AP Doc. 22).

---

[1] Pursuant to this Order (docket entry 021), the Court found "pursuant to O.C.G.A. §44-14-80(a). title to the Property as conveyed in the 2008 Security Deed reverted on April 21, 2016." (Doc. 21 at 24). As part of this Settlement Agreement and Mutual Release, as set forth in Paragraph 11 below, Secured Party waives any right of appeal of said Order upon satisfaction of the terms and conditions set forth in Paragraph 11 including receipt of the Settlement Sum as defined hereunder. In the event it is required by the Title Company for funding of the Settlement Sum, then upon receipt by the Secured Party of the Settlement Sum, Secured Party shall execute and provide to Debtor's counsel for filing a cancellation of the 2008 Security Deed which will provide that the 2008 Security Deed is cancelled pursuant to the Bankruptcy Court's Order (Doc. 21) and Judgment (Doc. 22).

S.  On April 14, 2020, each Party filed its Motion to Reconsider Order and Judgment (AP Docs. 25, 26).

T.  On April 28, 2020, ONH filed its Response to Plaintiff's Motion for Reconsideration (AP Doc. 27).

U.  The Parties' Motions for Reconsideration are pending before the Bankruptcy Court.

In order to settle and resolve all disputes between the Parties, Member, Walker, and Transferee as to the claims and the defenses set forth in all pending motions and objections before this Court, the Parties, Member, Walker, and Transferee seek to enter into this Settlement Agreement on the terms and conditions set forth herein.

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

**NOW, THEREFORE,** in consideration of the recitals, mutual promises, covenants, agreements, and obligations set forth in and under this Settlement Agreement and Mutual Release (hereinafter, "Settlement Agreement"), and, except as otherwise provided in this Settlement Agreement, in full resolution, settlement, release, satisfaction, and discharge of all disputes between the Parties, Member, and/or Walker in the Main Case and Adversary Proceeding, and all claims, disputes, defenses, causes of action, known or unknown, possessed by or belonging to the Parties, Member, Walker, and Transferee relating to, in connection with, or arising out of the Main Case, Adversary Proceeding, and/or subject properties located at 7335 Old National Highway, Riverdale, Georgia, and 0 Jonesboro Road, Riverdale, Georgia (collectively, the "Properties"), **IT IS HEREBY STIPULATED AND AGREED** to by and between the Parties, Member, Walker, and Transferee as follows:

1. The Recitals set forth above are hereby incorporated in full and made part of this Settlement Agreement.

2. The Parties, Member, Walker, and Transferee agree that all provisions, recitals, covenants, promises, agreements, and obligations of Debtor set forth herein are intended to, and do, relate, encompass, and apply to Walker Family Services, LLC, Frederick Walker, Transferee, and any and all members of Debtor and Transferee.

3. Upon execution of this Settlement Agreement, the Parties shall file a Joint Motion to Approve Settlement pursuant to Federal Bankruptcy Rule 9019 (hereinafter, "Rule 9019 Motion")" in the Main Case and a proposed Order thereon incorporating the terms of this Settlement Agreement (hereinafter, "Settlement Order"), and a proposed Consent and Strict Compliance Order (as defined below). Contemporaneously with the filing of the Rule 9019 Motion, Debtor shall file a withdrawal of its prior "Motion to Approve Settlement Agreement," filed March 5, 2021 (Doc. 71).

4. Debtor and/or Transferee shall pay or cause to be paid to the Secured Party, and the Secured Party shall accept, $950,000.00 (Nine hundred and fifty thousand dollars) in U.S. dollars (the "Settlement Sum"), paid via wire transfer to the Secured Party (made payable to

3

"ONH Holdings, LLC"), to be timely paid/disbursed to the Secured Party from the proceeds of, and listed on the HUD settlement statement for, the closing of the loan related to, or 363 Sale of (as provided in Paragraph 7 below), the property located at 7335 Old National Highway, Riverdale, Georgia (hereinafter, "7335 Old National Highway Property"), scheduled by or before May 1, 2022; and said Settlement Sum shall represent payment toward, and shall be applied to, the 2011 Security Deed held by the Secured Party and the sums and obligations secured thereunder.  Debtor, Member, Walker, and Transferee represent that the closing is scheduled and will take place by May 1, 2022.  Debtor, Member, Walker, and Transferee agree, for themselves and any and all members of Debtor and Transferee, that neither Debtor, Member, Walker, Transferee nor any member of Debtor or Transferee will cause any delay of any nature whatsoever of, or take any action or non-action which would or could result in the delay, the cancellation of, or the failure of the closing and payment to the Secured Party of the Settlement Sum as provided in this Paragraph.

5. Debtor, Member, Walker, and Transferee agree that the Secured Party's Second Amended Motion for Relief from Automatic Stay (Doc. 90), which incorporates by reference the Secured Party's First Amended Motion for Relief from Automatic Stay (Doc. 28) and further requests *in rem* relief and that Secured Party shall be entitled to record the Order thereon in the real estate records, shall be GRANTED by the Court as to the property located at 0 Jonesboro Road, Riverdale, Georgia (hereinafter, "Jonesboro Road property"); and in the event the closing referenced in Paragraph 4 above and payment of the Settlement Sum referenced therein to the Secured Party fail to occur by May 1, 2022, then the Secured Party's Second Amended Motion for Relief from Automatic Stay (Doc. 90) shall be GRANTED by the Court as to BOTH Properties (7335 Old National Highway, Riverdale, Georgia, and 0 Jonesboro Road, Riverdale, Georgia), effective immediately, without further notice or hearing; and to that end, the Parties shall jointly submit to the Court, contemporaneously with Rule 9019 Motion and Settlement Order thereon, a proposed "Consent and Strict Compliance Order" GRANTING the Secured Party's Second Amended Motion for Relief from Automatic Stay (Doc. 90) as to the Jonesboro Road property and as to BOTH Properties in the event the closing and payment to the Secured Party, referenced in Paragraph 4 above, do not occur by May 1, 2022.  To the extent a hearing on the Secured Party's Second Amended Motion for Relief from Automatic Stay is required pursuant to section 362(d) of the Bankruptcy Code, the hearing on the Second Amended Motion for Relief from Automatic Stay, to which no objection has been filed with this Court as of the date of this Agreement, shall be held on the same date as the hearing on the Motion to Approve this Settlement Agreement.

6. Debtor, Member, Walker, and Transferee, for themselves and their members, agree that whether the Jonesboro Road property or BOTH Properties, individually or jointly, is/are sold or conveyed to a third party purchaser at a foreclosure sale(s) or to ONH as the foreclosure sale purchaser/credit purchaser, (a) any and all proceeds from such foreclosure sale(s) shall be retained in full by ONH; (b) the equity of redemption terminates with the foreclosure sale(s), and Debtor and Transferee for themselves  and their members, expressly waive any and all claim to right of possession and equity of redemption of, regarding, or relating to the Property or Properties; (c) Debtor and Transferee, for themselves and their members, expressly waive any right, title, interest, or equity in any and all proceeds from the foreclosure sale(s), including but not limited to any and all surplus of proceeds remaining after the

4

_____   Date: _____04/11/2022_____
**FREDERICK WALKER, INDIVIDUALLY**

**ONH HOLDINGS, LLC**

By: _____   Date: __April 12, 2022__

Name: __Eric McIntyre__

Title: __Manager__

foreclosure sale(s) proceeds have been applied to the obligations and sums secured under the 2011 Security Deed and/or 2011 Promissory Note; and (d) Debtor, Member, Walker, and Transferee, for themselves and their members, agree that it/he/they will not contest, dispute, object to, or file any action contesting, disputing, or otherwise objecting to the amount of the Secured Party's lien or the sums and obligations secured under the 2011 Security Deed and/or 2011 Promissory Note.  In the event the May 1, 2022 closing timely occurs, then upon receipt of the Settlement Sum by ONH, ONH will waive and release any right to a deficiency which may exist after foreclosure or sale of the Jonesboro Road Property.

       7. In the event it is necessary for the sole purpose of obtaining financing in order to effect the closing and payment of the Settlement Sum to the Secured Party referenced in Paragraph 4 above, Debtor may transfer its interest in the property located at 7335 Old National Highway, Riverdale, Georgia, *prior to* said closing, **only** upon the following terms and conditions: (1) pursuant to sections 105 and 363 of the Bankruptcy Code and Rule 6004 of the Federal Rules of Bankruptcy Procedure (a "363 Sale") upon the terms and conditions listed in this Paragraph and the express written consent of the Secured Party; (2) after execution and entry by the Bankruptcy Court of the Settlement Order and Consent and Strict Compliance Order; (3) the Settlement Sum payment to the Secured Party, referenced in Paragraph 4 above, shall be listed on the HUD settlement statement for the 363 Sale to be timely paid/disbursed to the Secured Party as part of and from the proceeds of the closing of the 363 Sale, and a copy of said HUD settlement statement shall be provided to the Secured Party *prior to* the Debtor's filing of the motion for the 363 Sale; (4) all terms and conditions of this Settlement Agreement, the Settlement Order thereon, and the Consent and Strict Compliance Order shall be expressly incorporated by reference into Debtor's motion to the Bankruptcy Court for the 363 Sale of said property;  (5) this executed Settlement Agreement, the proposed Settlement Order thereon, and proposed Consent and Strict Compliance Order shall be attached as an Exhibit to Debtor's motion for the 363 Sale or submitted to the Court prior to or contemporaneously with the filing of the motion for the 363 Sale; and (6) the transferee of the Debtor's interest in 7335 Old National Highway, Riverdale, Georgia under this Paragraph ("Transferee"), who shall be either Infiniti Real Estate Holdings, LLC or Walker Family Services, LLC, shall execute this Settlement Agreement and in doing so, agrees to be bound by the terms of this Settlement Agreement, the Settlement Order thereon, and the Consent and Strict Compliance Order. Nothing herein shall conflict or be construed to conflict with the dates and timely performance set forth in and required by Paragraph 4 above.

       8. Contingent upon satisfaction of and compliance with the terms and conditions of Paragraphs 3 through 6 above (and of Paragraph 7 if applicable) and the execution and filing by the Court of the "Settlement Order" and "Consent and Strict Compliance Order" referenced above, the Secured Party shall cause to be filed with the Clerk of Superior Court in Fulton County, Georgia, within seven (7) business days after the foreclosure sale of the Jonesboro Road property, or within seven (7) business days after the foreclosure sale of BOTH Properties in the event the closing and payment to the Secured Party referenced in Paragraph 4 above do not occur by May 1, 2022, a final satisfaction and cancellation of the 2011 Security Deed.  In the event the May 1, 2022 closing timely occurs by said date, then upon receipt of the Settlement Sum payment, Secured Party shall execute and provide to Debtor's counsel a Partial release and

5

cancellation of the 2011 Security Deed which will only release any right, title or interest in and to the Old National Highway property.

9. Within three (3) business days of the Court's approval of and filing of the Settlement Order on the Rule 9019 Motion, Debtor will file its withdrawal of Application to Employ Real Estate Broker (Doc. 47) and its Motion to Sell Property Free and Clear (Doc. 58). To the extent a separate consent order is required regarding any pending motion, the Parties will enter into the same per the direction of the Bankruptcy Court, and the terms of such consent order will be in accordance with this Settlement Agreement.

10. Upon approval of this Settlement Agreement by the Bankruptcy Court and approval of and filing of the Settlement Order on the corresponding Rule 9019 Motion, the previously filed Motion to Approve Settlement Agreement (Doc. 71) will be moot.

11. Upon the Court's execution and filing of the Settlement Order approving and incorporating all terms of this Settlement Agreement, the Court's execution and filing of the Consent and Strict Compliance Order, and payment to Secured Party of the Settlement Sum, each Party shall file a withdrawal of its Motion for Reconsideration in the Adversary Proceeding (AP Doc. 25 & 26). To that end, the Parties, Member, Walker, and Transferee hereby agree for themselves and their members that upon satisfaction of the terms and conditions herein, the Court's Order (AP Doc. 21) and Judgment (AP Doc. 22) shall stand as a final order and judgment in the Adversary Proceeding, that neither Party, Member, Walker, or Transferee shall appeal or seek to appeal said Order and Judgment, and each Party, Member, Walker, and Transferee expressly waive any right or alleged right to appeal said Order and Judgment. It is the express intent of the Parties, Member, Walker, and Transferee that this Settlement Agreement shall be binding as to any and all claims, defenses, and judgments in the Main Case and the Adversary Proceeding.

12. Debtor and/or Transferee shall be responsible for, and shall pay, the Fulton County property taxes outstanding, due and accruing on the 7335 Old National Highway, Riverdale, Georgia property to include such taxes for (i) the year 2019, for which Fulton County has filed a Proof of Claim (No. 2-2) in the total amount of $53,111.53, (ii) the year 2020, (iii) the year 2021 and due and accruing thereafter. Contingent upon satisfaction of the terms and conditions of the above Paragraphs 3 through 6, Paragraph 7 if applicable, and Paragraph 11, and the execution and entry by the Court of the "Settlement Order" and "Consent and Strict Compliance Order" referenced above, the Secured Party shall be liable for the Fulton County property taxes solely as to the 0 Jonesboro Road, Riverdale, Georgia property outstanding, due, and accruing.

13. Debtor, Member, Walker, and Transferee for themselves and their subsidiaries, affiliates, related corporations, firms, associations, partnerships, entities, successors and predecessors in interest, insurers, attorneys, legal representatives, assigns, current and former owners, shareholders, directors, officers, members, employees, agents, and servants, hereby irrevocably release, acquit and forever discharge the Secured Party and all its subsidiaries,

6

affiliates, related corporations, firms, associations, partnerships, entities, successors and predecessors in interest, insurers, attorneys, legal representatives, assigns, current and former owners, shareholders, directors, officers, members, employees, agents, and servants from any and all claims, counterclaims, third party claims, actions, causes of action, bankruptcies, liabilities, debts, rights, complaints, grievances, obligations, promises, agreements, demands, controversies, costs, losses, damages, and expenses (including attorneys' fees and expenses), whatsoever, whether known or unknown, whether in law or in equity, and whether or not arising under the claims, objections, and causes of action asserted or assertable in the Main Case and/or Adversary Proceeding, including, but not limited to, arising out of or in connection with, in whole or in part, and relating in any way to the Secured Party's security interest and lien under the 2011 Security Deed and/or Promissory Note, the Properties, any transfer of interest or claim of interest in the Properties, the foreclosure process and/or sale of the Properties, any proceeds from the foreclosure sale or any sale of the Properties, equity of redemption, right of possession, and any claim which existed or may have existed prior to, or contemporaneously with, the execution of this Settlement Agreement, under any municipal, local, state, or federal law, common or statutory causes of action, other than any claim for breach of this Settlement Agreement or failure to comply with the terms of this Settlement Agreement, or as is otherwise set forth in this Settlement Agreement.  Nothing herein shall be deemed to release or discharge any obligation of each of the Parties, Member, Walker, and/or Transferee under this Settlement Agreement or as is otherwise set forth in this Settlement Agreement.

14. The Secured Party, for itself and its subsidiaries, affiliates, related corporations, firms, associations, partnerships, entities, successors, insurers, attorneys, legal representatives, assigns, current and former owners, shareholders, directors, officers, members, employees, agents, and servants, hereby irrevocably releases, acquits and forever discharges the Debtor and all its subsidiaries, affiliates, related corporations, firms, associations, partnerships, entities, successors, insurers, attorneys, legal representatives, assigns, current and former owners, shareholders, directors, officers, members, employees, agents, and servants from any and all claims, counterclaims, actions, causes of action, liabilities, debts, rights, complaints, grievances, obligations, promises, agreements, demands, controversies, costs, losses, damages, and expenses (including attorneys' fees and expenses), whatsoever, whether known or unknown, whether in law or in equity, arising out of or in connection with, in whole or in part, the claims, objections, and causes of action asserted or assertable in the Main Case and/or Adversary Proceeding, including, but not limited to, Debtor's, Member's, and/or Walker's acquisition of interest or claim of interest in the Properties or in Debtor, under any municipal, local, state, or federal law, common or statutory causes of action, other than any claim for breach of the Settlement Agreement or failure to comply with the terms of this Settlement Agreement, or as is otherwise set forth in this Settlement Agreement.  Nothing herein shall be deemed to release or discharge any obligation of each of the Parties, Member, and/or Walker under this Settlement Agreement or as is otherwise set forth in this Settlement Agreement.

15. Member, Walker, Debtor, and Transferee, for themselves and any and all members of Debtor and Transferee, agree that Debtor, Member, Walker, Transferee and/or any member of Debtor and Transferee shall not transfer its/his/her/their interest (a) in the property located at 7335 Old National Highway, Riverdale, Georgia, to any person or entity *prior to* entry of the Settlement Order *and* receipt of the Settlement Sum by the Secured Party from Debtor,

except that Debtor may transfer its interest in said property to Transferee as provided in Paragraph 7 above; and/or (b) in the Jonesboro Road property to any person or entity at any time. Member, Walker, Debtor, and Transferee, for themselves and any and all members of Debtor and Transferee, acknowledge and agree that Debtor's interest in the Jonesboro Road property, and Debtor's and Transferee's interest in both Properties should the closing and Settlement Sum payment referenced in Paragraph 4 above fail to occur by May 1, 2022, shall be transferred upon and/or as a result of the Secured Party's foreclosure sale(s) of said property or Properties.

16. In the event the closing and payment to the Secured Party do not timely occur by May 1, 2022 as set forth in Paragraph 4 above, Member, Walker, Debtor, and Transferee, for themselves and any and all members of Debtor and Transferee, agree that neither Debtor, Member, Walker, Transferee, nor any member of Debtor and/or Transferee shall transfer its/his/her/their interest in either of the Properties to any person or entity at any time, and Debtor's and/or Transferee's interest in said Properties shall be transferred and conveyed upon and/or as a result of the Secured Party's foreclosure sale(s) of the Properties.

17. Member, Walker, Debtor, and Transferee, for themselves and any and all members of Debtor and Transferee, agree that neither Debtor, Member, Transferee, nor any member of Debtor and/or Transferee shall transfer its/his/her interest in Debtor or in Transferee *prior to* (i) entry of the Settlement Order, (ii) receipt of the Settlement Sum by the Secured Party from or on behalf of Debtor and/or Transferee, (iii) entry of the Consent and Strict Compliance Order, and (iv) the foreclosure sale of the Jonesboro Road property by the Secured Party, or the foreclosure sale(s) of both Properties by the Secured Party in the event the closing and payment of the Settlement Sum to the Secured Party, referenced in Paragraph 4 above, fail to occur by May 1, 2022.

18. Member, Walker, Debtor, and Transferee, for themselves and any and all members of Debtor and Transferee, agree that should any breach or violation of their obligations set forth in Paragraphs 15 through 17 above result in limiting or the failure of any of the terms and conditions of this Settlement Agreement, or failure of the entry of the Settlement Order upon the terms and conditions set forth in this Settlement Agreement, or the failure of entry of the Consent and Strict Compliance Order, said breach or violation shall constitute immediate and irreparable harm to the Secured Party and result in substantial damages and injuries, the precise amount of which would be extremely difficult or impracticable to determine even after all parties to this Settlement Agreement have made a reasonable endeavor to estimate fair compensation for such potential losses and damages; and therefore, the breaching or violating party of the obligations set forth in Paragraphs 15 through 17 shall be obligated to pay, and agrees to pay, immediately upon demand, the sum of $50,000.00 to the Secured Party as a fair and reasonable amount of liquidated damages to compensate for any loss or damage resulting from said breach or violation. Nothing in this paragraph shall be deemed or construed to limit the Secured Party's secured interest in the Properties or any remedies at law or equity available to the Secured Party on account of or arising from Debtor's, Member's, Walker's, or Transferee's breach of any or other terms, conditions, or provisions of this Settlement Agreement.

19. Except for the claims asserted by each of the Parties in the Main Action and Adversary Proceeding, Debtor, Walker, Member, and Transferee, for themselves and any and all

8

members of Debtor and Transferee, agree to indemnify and hold harmless the Secured Party from any and all claims, actions, causes of action, third-party claims, liabilities, debts, rights, complaints, grievances, obligations, promises, agreements, demands, controversies, losses, bankruptcies, judgments, payments, expenses, costs, and attorney fees arising from, relating to, or in connection with (i) Debtor's and/or Transferee's interest, right, or title, in the Properties (including but not limited to any transfer or conveyance of Debtor's, Member's, Walker's, or Transferee's interest, right or title in the Properties to a third party in violation of the terms of this Settlement Agreement), (ii) Debtor's and/or Transferee's acts or omissions relating to or in connection with the Properties, (iii) any materialman's liens or other liens or claims of any kind or nature arising or accruing before or during the duration of Debtor's and Transferee's interest, right, or title in the Properties (except the Secured Party's liens), and (iv) the foreclosure process and foreclosure sale of the Jonesboro Road property, or of both Properties in the event the closing and payment of the Settlement Sum referenced in Paragraph 4 fail to timely occur by May 1, 2022,  except for any claim arising from the Secured Party's sole negligence in the foreclosure process and foreclosure sale(s) of the Jonesboro Road property (or of both Properties in the event the closing and payment of the Settlement Sum referenced in Paragraph 4 fail to timely occur by May 1, 2022). ).

20.     This Settlement Agreement is being executed for settlement and mutual release purposes only.

21.     Each of the Parties, Member, Walker, and Transferee represent and warrant that it/he/she has the legal authority to execute this Settlement Agreement and will be bound hereunder.

22.     Debtor, Member, Walker, and Transferee agree that the obligations under this Settlement Agreement may not be assigned to any other person or entity for any reason without the prior written consent of the Secured Party.

23.     This Settlement Agreement shall be binding on and shall inure to the benefits of the Parties, Member, Walker, Transferee, any member of Debtor and Transferee, and any successors in interest, assignees, trustees, examiners, agents, and representatives, and all persons and entities set forth in Paragraphs 13 and 14 above.

24.     This Settlement Agreement shall be interpreted and construed in accordance with the provisions of the U.S. Bankruptcy Code and, where not inconsistent, the laws of the State of Georgia in regard to Georgia's rules regarding conflict of laws.

25.     The Parties, Member, Walker, and Transferee acknowledge that they have been represented by and have had access to independent legal counsel of their own choosing in connection with entering into this Settlement Agreement.  This Settlement Agreement shall be construed as if drafted jointly by the Parties, Member, Walker, and Transferee, and no presumption or burden of proof will arise favoring or disfavoring any Party by virtue of the authorship of any provision in this Settlement Agreement.

26. Each of the Parties, Member, Walker, and Transferee shall pay its/his own respective costs and attorneys' fees incurred with respect to all issues or matters set forth or referenced in this Settlement Agreement.

27. This Settlement Agreement sets forth the entire agreement and understanding of the Parties, Member, Walker, and Transferee with respect to the subject matters herein and supersedes and merges all prior oral and written agreements, discussions, and understandings between the Parties, Member, Walker and Transferee with respect to the subject matters referenced herein; and neither the Parties, Member, Walker, nor Transferee shall be bound by any conditions, inducements, or representations other than as expressly provided for herein and as provided in the Bankruptcy Court orders and judgment referenced herein.

28. This Settlement Agreement may be executed in one or more counterparts, including by facsimile, each of which shall be deemed an original, but all of which together constitute one and the same instrument. Facsimile and electronic copies of executed copies of this Settlement Agreement shall be deemed the equivalent of an original copy of this Settlement Agreement for all purposes.

29. No term or condition of this Settlement Agreement may be waived, modified, or amended except in writing signed by the Parties, Member, and Walker.

30. The Parties, Member, Walker, and Transferee agree to execute and deliver such additional documents and to take such further action in the future as may be necessary or reasonable to give effect to the terms of this Settlement Agreement.

31. Nothing in this Settlement Agreement shall be deemed or construed to limit any remedies at law or equity that the Secured Party may have on account of or arising from Debtor's, Member's, Walker's, and/or Transferee's breach of this Settlement Agreement.

32. Time is of the essence with respect to this Settlement Agreement.

33. Delivery by any of the undersigned to any other of an executed copy of this Settlement Agreement by electronic mail shall be deemed to be delivery of an executed original, and the Parties, Member, Walker, and Transferee agree to accept signatures in electronic form.

**IN WITNESS WHEREOF**, the Parties, Member, Walker, and Transferee, individually and/or through their duly authorized undersigned officers, have hereunto set their hands and seals as of the day and year set forth above, April 11, 2022, and acknowledge their full understanding and acceptance of the terms set forth herein as of said date.

*[Signature and Execution Pages 12 and 13 to Follow]*

**WEST VILLAGE HOLDINGS, LLC**

By: _/s/ Frk Wlk, LCSW_      Date: 04/11/2022

Name: Frederick Walker

Title: Member

**WALKER FAMILY SERVICES, LLC, AS MEMBER AND TRANSFEREE**

By: _/s/ Frk Wlk, LCSW_      Date: 04/11/2022

Name: Frederick Walker

Title: Member

**INFINITI REAL ESTATE HOLDINGS, LLC, AS TRANSFEREE**

**By execution hereof, Infiniti Real Estate Holdings, LLC ("Transferee") agrees to be bound by the terms and conditions of this Settlement Agreement in its entirety, whether or not Transferee is referenced in the terms and conditions of the Settlement Agreement, and by the Settlement Order thereon and the Consent and Strict Compliance Order:**

By: _/s/ Frk Wlk, LCSW_      Date: 04/11/2022

Name: Frederick Walker

Title: Member

11

_____     Date: _____04/11/2022_____
**FREDERICK WALKER, INDIVIDUALLY**

**ONH HOLDINGS, LLC**

By: _____     Date: _April 12, 2022_

Name: _Eric McIntyre_

Title: _Manager_

12